IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD K. MILLER,
    Plaintiff,

v.                                        Case No: 5:08cv320/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Miller's application for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

In January 2004 plaintiff, Donald Miller, filed applications for benefits claiming an onset of disability as of May 1, 2001. The applications were denied initially and on reconsideration, and Mr. Miller requested a hearing before an administrative law judge (ALJ). A hearing was held on April 27, 2006 at which Mr. Miller was represented by counsel and testified. A medical expert and a vocational expert also testified. The ALJ entered an unfavorable decision (tr. 17-25) and Mr. Miller requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (tr.6-9). The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).

This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Miller had severe impairments of (1) spinal segmental dysfunction status post on-the-job injury and (2) headaches, but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; that he had the residual functional capacity for light work activity with a sit/stand option and only occasional walking; that he was unable to perform his past relevant work as a carpenter; that he was 42 years old, a younger individual with at least a high school education and acquired work skills from his past relevant work; that jobs exist in significant numbers in the national economy at which he could perform given his residual functional capacity and his transferable skills; and that he has not been under a disability as defined in the Act from May 1, 2001 through the date of the decision (tr. 17-25).

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.912 (2005) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2005) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore,* 405 F.3d at 1211 (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir.

1987). If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Mr. Miller suffered compression fractures in his thoracic spine in a work-related accident in 2000. An application for disability benefits was approved for a closed period of disability, and on March 27, 2003 Mr. Miller was awarded benefits for the period March 9, 2000 to May 10, 2001. He did not appeal that decision, which means that as of March 27, 2003 he was no longer disabled as a matter of law due to administrative finality (tr. 17). Therefore, Mr. Miller has the burden of showing that his condition became worse and that he became disabled after March 27, 2003. The following outline of Mr. Miller's medical history will be limited to that period unless otherwise relevant.

On March 24, 2003, three days before the relevant period commenced, Mr. Miller saw Samuel Ward, M.D., his regular personal physician. He had last seen Dr. Ward in August 2002, approximately seven months prior. He reported that he was out of medication. The only positive finding on physical examination was right hip pain and low back pain. Dr. Ward's assessment was chronic low back pain (tr. 163). Plaintiff returned to Dr. Ward on May 29, 2003. His physical examination was unremarkable except for a notation of pain in the neck. Dr. Ward assessed chronic low back pain and depression (tr. 162). On September 26, 2003, Dr. Ward's physical examination was unremarkable except for a notation of pain in the right leg where Mr. Miller had suffered a laceration. Staples were removed from the wound and Dr. Ward assessed healing laceration, right hip pain, low back pain, and insomnia (tr. 161). The last recorded visit to Dr. Ward was dated January 8, 2004. Mr. Miller's condition was unchanged and Dr. Ward's assessment was chronic low back pain (tr. 159).

While Mr. Miller was under Dr. Ward's care, he was referred to Michael Flannagan, M.D., a pain management specialist, who performed epidural steroid blocks on July 16 and December 15, 2003, and again on May 14, 2004 (tr. 199-207, 208, 213-215). Mr. Miller reported to his treating chiropractor, Dr. Steiger, that the epidural steroid injections helped his back pain (tr. 278).

Plaintiff was also under the care of Stewart Steiger, D.C., from March 26, 2003 to August 24, 2005. During that period, the plaintiff saw Dr. Steiger 24 times for chiropractic treatment. Throughout that time Mr. Miller's subjective complaints were of shoulder, mid back and low back pain. His claimed pain level varied from one to eight out of ten. Mr. Miller's physical condition and general complaints did not change significantly. During the period from March 2003 through July 2004 plaintiff saw Dr. Steiger on a monthly basis. However, from August 2004 to August 2005 he saw Dr. Steiger only five times. There is no record that he was seen by Dr. Steiger after August 2005 and up to and including the date of the hearing on April 27, 2006.

On December 29, 2005, Dr. Ward filled out an assessment of pain form. He opined that Mr. Miller's pain was present to such an extent as to be distracting to the adequate performance of daily activities at work; that physical activity would greatly increase pain to such a degree as to cause distraction from tasks or total abandonment of work; and that drug side effects could be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness (tr. 343). On a physical capacities evaluation form Dr. Ward opined that plaintiff could lift 10 pounds occasionally and five pounds frequently, that during an eight hour workday he could sit for zero hours and stand or walk for zero hours, that he needed an assistive device, that he was significantly limited in pushing, pulling, climbing, gross manipulation, fine manipulation, bending, stooping, reaching and other postural activities (tr. 344). At the time Dr. Ward filled out these forms, the administrative record shows that he had seen Mr. Miller only two times in the previous two years, on May 24, 2005 and March 13, 2005.

Mr. Miller was referred for an independent medical examination on March 29, 2004. The examiner, Sam Banner, D.O., recorded complaints of a history of a fall resulting in five compressed fractures in the lumbar vertebra, a fractured pelvis, a torn left rotator cuff and injuries to the left hip and wrist. Mr. Miller was treated surgically in late 2000. He indicated that he continued to have constant pain in his lower back and had difficulty walking, standing or sitting for prolonged periods. He complained of limited range of motion in his left shoulder and indicated that he had pain lifting or working overhead. An examination of the neck indicated normal range of motion with no spasm. Range of motion in the shoulder showed some limited abduction and rotation. There was no spasm in the low back and range of motion was normal. Motor function was normal and sensation to pin prick was intact. Reflexes were slightly diminished and grip was normal. Straight leg raising was negative and there was no atrophy of any muscle group in the arms or legs. Muscle tone was normal and fine and gross motions in both hands were satisfactory. Dr. Banner's diagnosis was compression fracture of five lumbar vertebra and torn left rotator cuff, post operative. He indicated that Mr. Miller would need continued medical and orthopedic care, to include pain management. He did not place any restrictions on Mr. Miller's activities.

The last entries in the medical record are x-ray reports dated January 27, 2006. Views of the thoracic spine indicated there was minimal thoracic spondylosis and anterior wedging of T-7 and T-10, thought to be old (tr. 351). Views of the lumbar spine showed a normal lumbosacral spine (tr. 352).

## DISCUSSION

Mr. Miller argues that the ALJ erred in failing to satisfy his burden at step 5 of the sequential process of proving that there was work that Mr. Miller could perform, and further erred in not properly applying the standard for evaluating subjective complaints of pain. Mr. Miller contends that he was disabled from his onset date as

a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

   1.   <u>Residual functional capacity.</u>

Mr. Miller's first contention is that the ALJ did not carry his burden of proving that there was work in the national economy that he could do. The basis of his argument is that the ALJ improperly determined Mr. Miller's residual functional capacity by not affording proper weight to his treating physician, relying instead on the opinions of non-examining physicians. Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; see also *Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the

ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. 404.1527(d).

The opinion of a non-examining physician is entitled to little weight, and, if contrary to the opinion of a treating physician, is not good cause for disregarding the opinion of the treating physician, whose opinion generally carries greater weight. *See* 20 C. F. R. § 404.1527(d)(1); *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1255 (M.D.Fla. 2005). However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability. *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips*, 352 F.3d at 1241. Failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986));[1] *see also Nyberg v. Commissioner of Social Security*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*).

Here Mr. Miller correctly states that the burden of proving that a claimant can work shifts to the Commissioner at step five, *Doughty, supra*, and further that the substantial record evidence necessary to determine the residual functional capacity upon which a decision is based cannot rely solely on the opinion of non-examining physicians, *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) *citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). Mr. Miller says that the ALJ

---

[1] *MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." 786 F.2d at 1053.

*Case No: 5:08cv320/RS/MD*

relied solely on the opinions of State Agency non-examining physicians and therefore his residual functional capacity determination was flawed.

Mr. Miller's argument is not supported by the record. The ALJ discussed the medical evidence in detail, noting that (1) Dr. Banner, an examining physician, found only minimal signs to support a claim of disability, and that physical examination was essentially normal, (2) Dr. Stringer saw Mr. Miller on a somewhat irregular basis, and while Mr. Miller complained of great pain on occasion, his complaints were intermittent, (3) Mr. Miller had epidural injections and said they helped his back pain, (4) x-rays showed minimal spondylosis in the mid back and a normal low back, (5) Dr. Ward's opinions were so unsupported as to be nearly meaningless - he placed so many limitations on Mr. Miller as to make him totally bedridden, which differed greatly not only from Dr. Ward's own records, but was disproved by all the other medical evidence and by Mr. Miller's own testimony, and (6) a residual functional capacity for light work was consistent with the residual functional capacity found by the state agency (tr. 22-23). The ALJ stated that "[b]ased on *all of the evidence available*, . . . claimant is able to perform work at the light exertional level with a sit/stand option and only occasional walking." (Tr. 23)(emphasis added). It is thus clear that the ALJ did not rely *solely* on the opinion of state agency physicians. There was a great deal of substantial record evidence to support the ALJ's residual functional capacity finding, and Mr. Miller is not entitled to reversal on this ground.

    2.    <u>Subjective complaints of pain.</u>

Mr. Miller also contends that the ALJ did not apply the proper standard for considering subjective complaints of pain. As this court is well aware, pain is treated by the Regulations as a symptom of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."

*Accord* 20 C.F.R. § 416.929. The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[2] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D.Fla. 2005). However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be

---

[2] *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

*Case No: 5:08cv320/RS/MD*

considered. *Marbury*, 957 at 839-840; *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054. Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true. *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted). And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker,* 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[3] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

*Case No: 5:08cv320/RS/MD*

in others.  "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain.  This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ."  *Hand, supra,* at 1548-49.  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence."  *Arnold v. Heckler*, 732 F.2d 881, 884  (11th Cir. 1984).  Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that.  The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

Here the ALJ referred to 20 C. F. R. §§ 404.1529 and 416.929, which use the same language as the *Hand* standard.  Moreover, the ALJ again relied on all the evidence in the record.  He found that Mr. Miller had suffered compression fractures at multiple levels, and that he had been awarded a closed period of disability, but that as of March 27, 2003 he was not disabled as a matter of law.  There was no objective evidence that his condition had worsened since that date.  Indeed, apart from Mr. Miller's subjective complaints of pain, there was almost nothing in any physical examination that supported pain to the extent that Mr. Miller claimed.

The ALJ thoroughly examined the entire record.  It was within his realm of judging to compare the written record against Mr. Miller's testimony and find Mr. Miller to be less than fully credible.  Therefore, Mr. Miller has not shown error on this ground and is not entitled to reversal.

Accordingly, it is respectfully RECOMMENDED that the Commissioner's decision be AFFIRMED, that judgment be entered in favor of the defendant, and that the clerk be directed to close the file.

At Pensacola, Florida this 20th day of November, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**